# Brewer & Company *v.* Moseley's Administrator.

*Insolvent Estate ; Contest between Administrator and Creditor.*

1. *Filing and verifying claim.* — A claim against an insolvent estate must be filed in the office of the probate judge, and verified within nine months *after* the declaration of insolvency (Rev. Code, § 2196), although it was filed in said office, properly verified, before the declaration of insolvency.

2. *Probate decree on evidence.* — When a case is submitted to the decision of the probate judge without the intervention of a jury, his decree will not be reversed on error or appeal, unless there is a strong preponderance of the evidence against its correctness.

APPEAL from the Probate Court of Monroe.

R. H. SMITH, for appellant.

J. W. POSEY, *contra.*

PECK, C. J. — R. R. Moseley departed this life; intestate, in the latter part of the year 1867, in Monroe County. At a special term of the Probate Court of said county, on the 27th day of January, 1868, the appellee, W. H. Fowler, was appointed administrator. On the 26th day of July, 1869, at a special term of said Probate Court, the estate of said deceased was declared insolvent. Before this, on the 23d day of February, 1869, the appellants, L. Brewer & Co., filed in the office of the judge of probate of said county an account against R. R. Moseley & Co., for the sum of $689.30, for goods, wares, and merchandise, alleged to have been sold and delivered to said R. R. Moseley & Co., as a claim against said estate, verified by the affidavit of James Young, the book-keeper of said L. Brewer & Co., that said account was just and true, and that the same was unpaid ; and that all just credits had been given, and that no satisfaction or security had been taken for the

same. This filing and verification, as I have stated, was before the estate was declared insolvent. Said filing amounted to a mere presentation of the said claim, under § 2241 R. C. So far as I can see, from the record, this is the only filing and verification of said claim ever made in the office of the judge of probate of said county. No filing and verification seem to have been made after the estate was declared insolvent.

The appellee, as the administrator in insolvency, filed objections in writing to this claim. Two of said objections were: First, that said claim had not been filed in the office of the judge of probate, duly verified, within nine months after said estate was declared insolvent; second, that said account was not a correct and subsisting claim against said estate. On the hearing, in said Probate Court, for a settlement and distribution of the assets of said estate among the creditors who had filed their claims against said estate, as an insolvent estate, the court overruled the objection first named, to wit, that said claim had not been filed in the office of the judge of probate, within nine months after said estate was declared insolvent. To this ruling of the court the appellee, as administrator, excepted. The other objection, to wit, that said claim was not a correct and subsisting claim against said estate, was allowed, and said claim was rejected; to this said appellants excepted, and appeal to this court, and assign the rejection of said claim for error. By the agreement of the parties, the appellee is permitted to assign cross-errors; and under said agreement assigns for error the overruling of his objection, that said claim had not been filed in the office of the probate judge, after the estate was declared insolvent, &c.

In the case of *Clement* v. *Nelson* (46 Ala. 634), it is decided that a claim against an estate, which has been declared insolvent, is barred, unless it is filed in the office of the judge of probate, duly verified, within nine months after the estate is declared insolvent; and that a filing before the estate is declared insolvent, under § 2241 R. C., is not sufficient to save the claim from the bar, in a proceeding of insolvency. That decision shows that the Probate Court erred, in overruling appellee's objection to said claim, because it was not filed and verified, &c., after the estate was declared insolvent, as required by § 2106 R. C. For this error, the judgment would have to be reversed and remanded, on the error assigned by the appellee, unless the court decided right in rejecting said claim because it was not a correct and subsisting claim against said estate. If, in this, the court decided right, then the judgment must be affirmed.

On this question I have examined the evidence carefully, and do not feel prepared to say the court decided wrong; the

[Powers v. Dickie.]

appellants' account is charged against R. R. Moseley & Co. It was insisted by appellants, as I gather it from the evidence, that said deceased, at the time of his death, and one Henderson, were copartners, under the firm name of R. R. Moseley & Co., and that said goods were sold by appellants to said Henderson, as a member of said firm, or that they were purchased on account of said firm, and, therefore, the estate of said deceased was liable to pay for them. The evidence is very unsatisfactory to show that any such firm ever existed, and I think it fails to prove that said goods were sold to said deceased as an individual: the evidence clearly shows that said goods were sold, some months after the death of deceased, and after the appellee was appointed his administrator. If the deceased and said Henderson were ever copartners, he, said Henderson, had no authority, as surviving copartner, to purchase the said goods and charge the estate of deceased with their payment; certainly not, unless it had been proved that said firm had been in the habit of buying goods of appellants on a credit, and that these goods were sold by appellants, in ignorance that said firm was dissolved by the death of deceased: no evidence of this sort appears in the record. The whole evidence, taken together, I think, fails to show that said account was a legal claim against said estate. The rule is, that when the court below decides a case upon the evidence, without the intervention of a jury, its decision will not be disturbed on appeal, unless there is a clear preponderance of proof against the correctness of the decision.

Let the judgment be affirmed at appellants' costs.